## NORRIS and others *v.* HASSLER.

*(Circuit Court, D. New Jersey.* March 12, 1885.)

1. WITNESS FEES—MILEAGE—TRAVELING EXPENSES.
     A witness who has been served with a subpœna and received money for traveling expenses cannot refuse to obey such subpœna because the proper amount of mileage has not been paid.
2. SAME—TENDER—CONTEMPT.
     In the courts of the United States, witnesses, if they have the means, are obliged to obey the process of the court and attend, whether their fees are advanced or not, and a witness who can pay his expenses and refuses to attend because the money is not tendered him, may be punished for contempt.
3. SAME—EXEMPTION OF WITNESS FROM SERVICE IN OTHER SUIT.
     The exemption of a witness or party to a suit from service of process does not extend to service of a subpœna to testify in the same cause on which he is giving attendance.

On Rule to Show Cause, etc.

NIXON, J. Under section 725 of the Revised Statutes, power is conferred upon the courts of the United States to punish for contempts of their authority by fine and imprisonment. The proviso of the section includes within the penalty "disobedience or resistance by any * * * witness to any lawful writ, process, order, rule, decree, or command of the said courts." This authority is exercised by the courts for two purposes: (1) To punish the offender for the disrespect to the court; and (2) to compel his performance of some act or duty required of him by the court which he refuses to perform. See *In re Chiles,* 22 Wall. 168.

Upon affidavits filed, making a *prima facie* case, a rule has been issued in the above cause, and served upon the defendant, requiring him to show cause before the court why he should not be adjudged to be guilty of contempt in not obeying a *subpœna duces tecum,* duly served, to appear before the examiner in Elizabeth on the twenty-fourth of January last. At the hearing two reasons were relied on by the defendant why the rule should not be made absolute: (1) Because the defendant was necessarily absent in New York on the day on which the subpœna required his attendance here; (2) because the subpœna was not legally served.

1. The proofs do not show a necessary and unavoidable absence, but one voluntarily assented to by the defendant as a pretext and excuse for not obeying the writ. It is true that he was engaged as a party and witness before a referee in the city of New York on the day of the return of the subpœna requiring his attendance at Elizabeth; but all the evidence contradicts the allegation that he was necessarily there. If he had manifested the slightest desire to obey the writ, the hearing in New York could have been arranged by him so that obedience would have been not only possible, but easy.

2. Two grounds were assigned why there was no legal service of the subpœna. The first is that the full amount of witness fees was not paid. The counsel for the complainants testifies that before the subpœna was served upon the defendant he examined the New Jersey Atlas, prepared by Beers, Comstock & Kline, and measured the distance from Elizabeth to Jersey City, and from Jersey City to Englewood, the residence of the defendant, and ascertained that the distance from Elizabeth to Jersey City was 12 miles, and from Jersey City to Englewood 13 miles. He then handed to the witness the sum of $4,—$1.50 for fees and $2.50 for mileage, being 10 cents per mile for going and returning the 25 miles. But there seems to be a distance of about one mile between the two railroad stations at Jersey City which the sum paid did not cover.

Several suggestions might be made in reply: (a) The shortage in the payment of mileage was so small that the maxim "de minimis non curat lex" is fairly applicable. (b) The defendant accepted and receipted for the $4 without the intimation of any objection as to the amount, and it may be fairly inferred from such action that the excess was waived. See Andrews v. Andrews, 2 Johns. Cas. 109. (c) The defendant had then in his pocket $1.50 of the complainants' money which had been paid to him on the service of another subpœna to testify on that day on behalf of the complainants, and which had been superseded by the subpœna duces tecum. It is a reasonable suggestion that if a gentleman should retain money paid to him for a service which was not performed, he should be willing to apply it on account of another service, substituted for the first. But, apart from these considerations, it has been held that, in the courts of the United States, witnesses, if they have the means, are obliged to obey the process of the court, and attend, whether the fees are advanced or not. In such a case, Judge Drummond says: "An attachment would issue, and the court would punish a man who could pay his expenses and would not come because the money was not tendered." U. S. v. Durling, 4 Biss. 510. The defendant has not put his non-obedience to the writ on the ground of not having the means to pay the expenses of travel.

The second ground is that the subpœna was served while the defendant was attending before the examiner as a party to the pending litigation. It is undoubtedly now the established law that parties

and witnesses are not only privileged from arrest on civil process, but also from the service of summons in civil actions, while attending court. The propriety of such a rule for witnesses is clear. They are compelled to attend by virtue of the process of the court, and the court feels under obligation to protect them, not only while attending, but in going and returning. My attention, however, has not been called to a case, nor do I think that one exists, where such an exemption has been extended to the service of a subpœna to testify in the cause on which they are giving attendance; and it does not come within the reason of the rule. There are a number of cases in the reports where proceedings for attachment against witnesses have been taken for their refusal to obey the process of subpœna, served in the very presence of the court; but in none of them has the suggestion been made that such a service was unlawful. See *Jupp* v. *Andrews,* Cowp. 845; *Pitcher* v. *King,* 2 Dowl. & L. 755; *Bowles* v. *Johnson,* 1 W. Bl. 36. That a party to a suit can be compelled by a *subpœna duces tecum* to produce papers and documents to be used in the trial as evidence is no longer an open question. *Murray* v. *Elston,* 23 N. J. Eq. 212.

All the reasons assigned by the defendant for not obeying the writ and producing the papers required rather aggravate than excuse or justify his refusal. The rule must be absolute. As the object of the proceeding is to compel the defendant to perform an act or duty which appears to be within his power, the judgment to be entered will be largely controlled by his conduct hereafter.