## UNITED STATES *v.* HVASS.

No. 92.  Argued January 27, 1958.—Decided
March 3, 1958.

*Ralph S. Spritzer* argued the cause for the United
States.  On the brief were *Solicitor General Rankin,
Warren Olney, III,* then Assistant Attorney General, and
*Beatrice Rosenberg.*

*Warren B. King* argued the cause for appellee.  With
him on the brief was *Charles Alan Wright.*

Mr. Justice Whittaker delivered the opinion of the Court.

The question for decision is whether a willfully false statement of a material fact, made by an attorney under oath during the District Court's examination, under its local rule, into his fitness to practice before it, constitutes perjury within the meaning of 18 U. S. C. § 1621.[1]

Acting under 28 U. S. C. §§ 1654, 2071, and Rule 83 of Federal Rules of Civil Procedure, authorizing federal courts to prescribe rules for the conduct of their business, the District Courts for the Northern and Southern Districts of Iowa promulgated local rules governing practice in those courts. Their Rule 3, in pertinent part, provides:

"All attorneys residing outside of the State of Iowa and having civil matters in the court shall associate with them a resident attorney on whom notice may be served and who shall have the authority to act for and on behalf of the client in all matters . . . . Non-resident attorneys who have so associated with them a resident attorney shall be permitted to participate in a particular case upon satisfactory showing of good moral character.

"Provided further that where the action is one to recover damages for personal injuries sustained in Iowa by one who at the time was a resident of Iowa . . . , the Court may on its own motion, or on motion of a member of the bar of either District,

[1] That section, in pertinent part, provides: "Whoever, having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, . . . willfully and contrary to such oath states . . . any material matter which he does not believe to be true, is guilty of perjury . . . ."

before permitting a nonresident attorney to partici-
pate in the case, require a satisfactory showing that
the connection of the said attorney [with the case]
was not occasioned or brought about in violation of
the standards of conduct specified in Rule 8 hereof.[2]
The Court as a part of said showing may require the
plaintiff and the said attorney to appear and be
examined under oath."

Appellee, an attorney residing and maintaining his
office in Minneapolis, Minnesota, had instituted two
actions in the District Court for the Northern District of
Iowa, as counsel for citizens of Iowa, seeking damages for
bodily injuries which they had sustained in that State.
On October 3, 1955, the court, acting under its Rule 3,
entered an order scheduling a hearing to be held by the
court on October 12, 1955, for the purpose of affording an
opportunity to appellee to show that his connection with
the two damage suits was not brought about in violation
of the standards of conduct specified in its Rule 8, and
directing appellee to appear at that time and to submit
to an examination under oath, if he wished further to
participate as counsel in those actions. Appellee ap-
peared at the hearing and, after being sworn by the Clerk,
was examined by the District Attorney on matters deemed
relevant to the hearing. On November 1, 1955, the court
entered an order finding that "the applicant [had] not
made satisfactory showing of the matters which must be
satisfactorily shown under said Local Rule 3," and it
struck his appearance as counsel in the two damage
actions from the record.

On March 20, 1956, a four-count indictment was re-
turned against appellee in the same District Court. Each
count charged that appellee, while under oath as a wit-

---

[2] Rule 8 is a substantial adoption of the Canons of Professional
Ethics of the American Bar Association.

ness at the hearing of October 12, 1955, "unlawfully, wilfully, and knowingly, and contrary to [his] oath, [stated] material matters which he did not believe to be true" (in particulars set forth in each count), "in violation of Section 1621, Title 18, United States Code." Appellee moved to dismiss the indictment for failure of any of the counts to state an offense against the United States. The court,[3] after full hearing upon the motion, concluded "that Rule 3, under which the defendant took his oath, is not such a law of the United States as was intended by Congress to support an indictment for perjury," and, on that ground, dismissed the indictment. 147 F. Supp. 594. The Government brought the case here by direct appeal under the Criminal Appeals Act, 18 U. S. C. § 3731. We postponed further consideration of the question of jurisdiction to the hearing on the merits, 353 U. S. 980.

At the threshold we are met with appellee's contention that we do not have jurisdiction of this appeal. We think the contention is unsound. 18 U. S. C. § 3731, in pertinent part, provides that: "An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States . . . [f]rom a decision or judgment . . . dismissing any indictment . . . where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment . . . is founded." This indictment was founded on the federal perjury statute, 18 U. S. C. § 1621. The District Court dismissed the indictment not because of any deficiency in pleading or procedure but solely because it held that Rule 3 "is not such a law of the United States as was intended by Congress to support an indictment for perjury." It thus dismissed the indictment upon its construction of the federal

---

[3] The court was then being presided over by a district judge from another district, sitting by designation.

perjury statute.  In these circumstances, the question of our jurisdiction is settled by *United States* v. *Borden Co.,* 308 U. S. 188, 193:

> "When the District Court holds that the indictment, not merely because of some deficiency in pleading but with respect to the substance of the charge, does not allege a violation of the statute upon which the indictment is founded, that is necessarily a construction of that statute."

Such is the case here, and the result is that we have jurisdiction of this appeal.

This brings us to the merits.  The scope of this appeal is very limited.  No question concerning the validity of the District Court's Rule 3 is properly before us.  Nor are we at liberty to consider any question other than the single one decided by the District Court, for when, as here, "the District Court has rested its decision upon the construction of the underlying statute this Court is not at liberty to go beyond the question of the correctness of that construction and consider other objections to the indictment.  The Government's appeal does not open the whole case."  *United States* v. *Borden Co., supra,* at 193.

"The essential elements of the crime of perjury as defined in 18 U. S. C. § 1621 are (1) an oath authorized by a law of the United States, (2) taken before a competent tribunal, officer or person, and (3) a false statement wilfully made as to facts material to the hearing."  *United States* v. *Debrow,* 346 U. S. 374, 376.  Only the first element of perjury is involved here because the District Court's dismissal of the indictment was upon the sole ground that "Rule 3 . . . is not such a law of the United States as was intended by Congress to support an indictment for perjury."  Therefore, the only question open here is whether the admission hearing, held under the District Court's Rule 3, and at which appellee testified under

oath, was a "case in which a law of the United States authorizes an oath to be administered," within the meaning of that clause as used in the perjury statute. We think it was.

The phrase "a law of the United States," as used in the perjury statute, is not limited to statutes, but includes as well Rules and Regulations which have been lawfully authorized and have a clear legislative base (*United States* v. *Smull,* 236 U. S. 405; *Caha* v. *United States,* 152 U. S. 211; *Viereck* v. *United States,* 318 U. S. 236; *Lilly* v. *Grand Trunk R. Co.,* 317 U. S. 481), and also decisional law. *Glickstein* v. *United States,* 222 U. S. 139. And see Wigmore, Evidence (3d ed.), §§ 1815, 1816, 1824.[4]

28 U. S. C. § 2071 provides: "The Supreme Court and all courts established by Act of Congress may from time to time prescribe rules for the conduct of their business. Such rules shall be consistent with Acts of Congress and rules of practice and procedure prescribed by the Supreme Court." And 28 U. S. C. A. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, *by the rules of such courts, respectively,* are permitted to manage and conduct causes therein." (Emphasis supplied.) Consistently, Rule 83 of Federal Rules of Civil Procedure, in pertinent part, provides: "Each district court by action of a majority of the judges thereof may from time to time make and amend rules governing its practice not inconsistent with these rules. . . ." These statutes and Rule 83 leave no room to doubt that the District Court was lawfully authorized to prescribe its

---

[4] The author there shows that the requirement that a witness must take an oath before giving testimony goes back to early civilizations and has a long history at common law (§ 1815), and that for centuries Anglo-American law has remained faithful to the precept that "for *all testimonial statements made in court* the oath is a requisite." § 1824.

576

local rules and that they have a clear legislative base. Whether or not its Rule 3 is invalid for any reason— which, as stated, is a question not before us—it was prescribed pursuant to statutory authority, and expressly provides that, under the conditions specified, the court may require the "attorney to appear and be examined under oath."

Rule 3 had at least as clear a legislative base as did the Regulations involved in *Caha* v. *United States, supra,* and *United States* v. *Smull, supra.* In the *Caha* case defendant was indicted under the federal perjury statute—then in precisely the same terms as it is now—and charged with perjury through the making of a false affidavit to officials of the Land Office of the Department of the Interior in respect of a contest, then pending in the Land Office, over the validity of a homestead entry. The defendant was convicted and on appeal contended that no statute authorized such a contest and that therefore it could not "be said that the oath was taken in a 'case in which a law of the United States authorizes an oath to be administered.'" By statute Congress had authorized the Commissioner of the General Land Office, under the direction of the Secretary of the Interior, "to enforce and carry into execution, by appropriate regulations, every part of the [laws relating to public lands]." Pursuant to that authority the Commissioner adopted rules of practice including an express provision "for a contest before the local land officers in respect to homestead as well as preëmption entries, and for the taking of testimony before such officers . . . ." This Court, in denying defendant's contention and in sustaining the conviction, said:

> "We have, therefore, a general grant of authority to the Land Department to prescribe appropriate regulations for the disposition of the public land . . . . Clearly then . . . the local land officers in hearing and deciding upon a contest with respect

to a homestead entry constituted a · competent tribunal, *and the contest so pending before them was a case in which the laws of the United States authorized an oath to be administered."* *Id.,* at 218. (Emphasis supplied.)

The *Smull* case involved very similar facts. The District Court sustained a demurrer to the indictment, "ruling that the affidavit was not within the statute defining perjury." The Government brought the case here under the Criminal Appeals Act. This Court reversed, saying:

"The charge of crime must have clear legislative basis. . . . This statute [the perjury statute, in precisely the same terms as the present one] takes the place of the similar provision of § 5392 of the Revised Statutes, which in turn was a substitute for a number of statutes in regard to perjury and was phrased so as to embrace all cases of false swearing whether in a court of justice or before administrative officers acting within their powers . . . . It cannot be doubted that a charge of perjury may be based upon [the perjury statute] where the affidavit is required either expressly by an act of Congress or by an authorized regulation of the General Land Office, and is known by the affiant to be false in a material statement. . . . [W]hen by a valid regulation the Department requires that an affidavit shall be made before an officer otherwise competent, that officer is authorized to administer the oath within the meaning of [the perjury statute]. The false swearing is made a crime, not by the Department, but by Congress; the statute, not the Department, fixes the penalty." [5] *Id.,* at 408–409.

---

[5] These cases, as well as *United States* v. *Morehead,* 243 U. S. 607, show that the perjury statute covers *ex parte* proceedings or investigations as well as ordinary adversary suits and proceedings.

It follows that the admission hearing, held under the District Court's Rule 3, and at which appellee testified under oath, was a "case in which a law of the United States authorizes an oath to be administered," within the meaning of that clause as used in the perjury statute.

The judgment of the District Court is reversed and the case is remanded to that court for further proceedings not inconsistent with this opinion.

*Reversed.*

MR. JUSTICE DOUGLAS agrees that the Court has jurisdiction of the appeal; but he dissents on the merits. In his view this judge-made rule is not "a law of the United States" within the meaning of the perjury statute, 18 U. S. C. § 1621.