**UNITED STATES of America,
Appellant,
v.
Ralph L. SAMPSON et al., Appellees.
No. 18900.**

United States Court of Appeals
Fifth Circuit.

Jan. 18, 1962.

Charles D. Read, Jr., U. S. Atty., John W. Stokes, Jr., Asst. U. S. Atty., J. Robert Sparks, Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., Atlanta, Ga., for appellant.

Newell Edenfield, D. R. Cumming, Jr., Randolph W. Thrower, Madison Richardson, James W. Dorsey, Atlanta, Ga. (Sutherland, Asbill & Brennan, Atlanta, Ga., Buchanan, Edenfield & Sizemore, Atlanta, Ga., of counsel), for appellees.

Before TUTTLE, Chief Judge, and CAMERON and BROWN, Circuit Judges.

CAMERON, Circuit Judge.

This appeal was taken by the United States of America from a judgment of the district court dismissing, for failure to state an offense, thirty-five counts of a forty-four count indictment against twenty-three individual defendants and one corporate defendant. The indictment was based upon 18 U.S.C. § 1341, charging that appellees had used the mails to defraud. Besides a motion to dismiss the appeal on the ground that the judgment appealed from was not a final judgment, the appellees filed an alternative motion challenging the jurisdiction

of this Court and praying that we certify the appeal to the Supreme Court of the United States on the contention that exclusive jurisdiction of the appeal was lodged in the Supreme Court. We think that this motion is well taken and that the Supreme Court does have exclusive jurisdiction to determine the appeal and, accordingly, we certify the appeal to that Court.

This action is taken pursuant to the terms of 18 U.S.C. § 3731, which provides in part:

"An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:

"From a decision or judgment setting aside, or dismissing any indictment * * * or any count thereof, where such decision or judgment is based upon the * * * construction of the statute upon which the indictment * * * is founded. * * *

"If an appeal shall be taken pursuant to this section to any court of appeals, which, in the opinion of such court, should have been taken directly to the Supreme Court of the United States, such court shall certify the case to the Supreme Court of the United States, which shall thereupon have jurisdiction to hear and determine the case to the same extent as if an appeal had been taken directly to that Court."

Decision of this point turns upon the determination of whether the court below dismissed any count of the indictment based upon its "construction" of the Mail Fraud Statute, supra. We think that it did. The following language is taken from the judgment of the district court:

"The purpose of Congress in enacting § 1341 was to prevent the Post Office from being used to carry out any scheme to defraud or to obtain money by false pretenses * *

Thus only mailings which are 'a part of the execution of the fraud' or 'incident to an essential part of the scheme' fall within the ban of the federal mail fraud statute * * *

"It appears that the mailings involved in the remaining counts of the indictment relate to transactions where money had already been obtained from the victims prior to such mailings. This subsequent use of the mails * * * were not for the purpose of 'executing' the scheme."

It seems clear that every word of the quoted language was used in the "construction" of the Mail Fraud Statute. The district court was declaring what the statute meant in its provision "for the purpose of executing such scheme or artifice * * *" It was holding that using the mail in connection with transactions where the money had already been obtained from the victims did not constitute an "executing" of the scheme. It had to determine from other cases and from its own construction of the statute itself whether the mailings charged in the several counts of the indictment amounted, under the law, to an "execution" of the scheme described in the indictment. As to the facts set forth in nine counts of the indictment, it held that the actions charged therein did constitute an execution of the scheme. As to the thirty-five counts here involved, it held that the actions set forth in the respective counts did not constitute an "execution" of the scheme.

The district court had to determine the meaning of the Act, particularly of the word "execution," and to assay the language of the several counts to determine whether the actions charged did constitute execution of the scheme under its construction of the meaning of the words used in the statute. The decision reached by it was clearly "based upon the * * * construction of the statute upon which the indictment * * * is founded."

In their briefs on the merits, the parties differed sharply on whether mailings

made after money had already been obtained from the victims did constitute execution of the scheme within the meaning of the Mail Fraud Statute. Construction of the meaning of the statute was a *sine qua non* of a decision by the district court. That being true, the Supreme Court of the United States has exclusive jurisdiction of the appeal.[1]

Aside from any admission by the United States that the district court was here engaged in construction of the statute, we think that the Supreme Court cases relied upon by the movants amply sustain that view. United States v. Borden Company, 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181; United States v. Mersky, 361 U.S. 431, 434, 80 S.Ct. 459, 4 L.Ed.2d 423; United States v. Hvass, 355 U.S. 570, 78 S.Ct. 501, 2 L.Ed.2d 496; United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430; United States v. Southeastern Underwriters Association, 322 U.S. 533, 64 S.Ct. 1162, 88 L.Ed. 1440; United States v. Halseth, 342 U.S. 277, 72 S.Ct. 275, 96 L.Ed. 308; United States v. Hood, 343 U.S. 148, 72 S.Ct. 568, 96 L.Ed. 1355; United States v. Bramblett, 348 U.S. 503, 75 S.Ct. 504, 99 L.Ed. 594; United States v. Howard, 352 U.S. 212, 77 S.Ct. 303, 1 L.Ed.2d 261; United States v. International Union, 352 U.S. 567, 77 S.Ct. 529, 1 L.Ed.2d 563.

In the recent case of United States v. Mersky, supra, the Supreme Court dealt at some length with the addition to the statute of the right invoked by the movants here and used these words (361 U.S. p. 434, 80 S.Ct. p. 462) in defining the duty which we conceive is laid upon us here:

"* * * The Criminal Appeals Act specifies several conditions, any one of which permits a direct appeal by the Government to this Court, and makes our jurisdiction in such cases exclusive. In the event that an appeal which should have been taken here is erroneously effected to a Court of Appeals, that court is directed to certify it here."

We hold, accordingly, that the appeal was erroneously effected to this Court and it is ordered that it be and it is certified to the Supreme Court of the United States.

---

1. Movants quote at length from the brief of the United States on the merits in an effort to show that the brief admits that the court below construed the Mail Fraud Statute, notwithstanding that it used the word "misconception" instead of the word "misconstruction." Here is a part of the Government's brief which movants quote:

"In so ruling, the Court has adopted the position that even though a fraud scheme encompasses dealings with numerous victims and continues for a number of years, relying, as it must, for success upon the pacifying and lulling of past victims as well as the finding of new ones, that once a victim has parted with his money no further mailing by the fraud operators to him can possibly be a part of the *execution of the fraud. This ruling is based upon a misconception of the law of mail fraud.*" [Emphasis added.]