**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Isaac DAVENPORT, Defendant-Appellant.**

**No. 13413.**

United States Court of Appeals Seventh Circuit.

Jan. 10, 1963.

Rehearing Denied Feb. 11, 1963.

Kiley, Circuit Judge, dissented.

George N. Leighton, Chicago, Ill., for appellant.

James P. O'Brien, U. S. Atty., John Peter Lulinski, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges

SCHNACKENBERG, Circuit Judge.

Isaac Davenport, defendant, has appealed from his conviction in the district court for violations of 26 U.S.C.A. § 4705(a), Internal Revenue Code of 1954, as amended by the Narcotic Control Act of 1956, as charged in counts one, three and five, and violations of 21 U.S.C.A. § 174, as amended by said act of 1956, as charged in counts two, four and six, of an indictment by the June 1960 grand jury.

Following his plea of not guilty he was tried by the court without a jury commencing on February 27, 1961.

According to defendant's brief, the government's case consisted of the testimony of agents Jackson and Dayle, the introduction as exhibits of narcotics purchased on the dates charged in the indictment and a stipulation that two other federal agents (Hnatt and Connelly), if called to testify, would testify in corroboration of the two agents who did testify, and a stipulation that chemist Shafer, if called as a witness, would testify that the substance referred to by the agents in their testimony was, in his opinion, heroin hydrochloride, a narcotic drug.

On said February 27, when the government rested its case, defense counsel asked the court for an order on the government to produce Sam Neal, a special employee, referred to by defense counsel herein as an informer. Government counsel said its agents had no knowledge of Neal's whereabouts at the time of the request, to which defense counsel responded that he was surprised by the government's failure to have Neal in court, but conceded that no demand prior to trial had been made upon the government to produce him.

The motion of defendant was denied and defendant requested a continuance until March 6, 1961 to allow him to bring in Neal. Although the court denied this request, he continued the matter to February 28 at 2 P.M., at which time the cause resumed. Defense counsel stated that efforts had been made to find Neal and a subpoena had been issued and lodged with the marshal for service, but was returned "not found". The court permitted defense counsel to examine Vera Bennett, sworn as a witness, and she testified that that morning she met Neal on a street in Chicago, prior to 4 A.M., that she walked with him and "gave him the piece of paper that you signed for Davenport to give him * *." She was asked: "And was that a subpoena?" She answered in the affirmative but said that she had no occasion to read it. She said that she got it from Davenport, and that Neal said he "would make it his business to be here at exactly two o'clock."

She further testified that she did not have a copy of the subpoena that she served upon Neal and had no copy on which return was made; that she gave him $2 for the purpose of appearing—$1 to eat and $1 for carfare.

The court remarked that "we have no return here of any subpoena having been served" and thereupon denied a motion for a bench warrant for Neal.[1] The defense then rested.

1. Defendant contends that the court committed prejudicial error in that it deprived him of process by which Neal could have been compelled to attend court as a witness, thus depriving defendant of rights guaranteed by the sixth amendment to the constitution of the United States.[2]

 Undoubtedly defendant is correct in his insistence that he was entitled to the right to have compulsory attendance of witnesses and that who they were to be was a matter for him and his counsel to decide. But the question which we must decide is whether he used the proper method for producing the witness in court. That the witness was an informer is irrelevant. Therefore defendant's reliance on Roviaro v. United States, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed. 2d 639, does not affect a determination of

I. This statement reflects an interpretation of the proceedings most favorable to defendant. Actually no motion had been made. The nearest approach to a motion was the following part of a statement by defense counsel before calling the witness, Vera Bennett, to testify:

"* * * So as of now, Judge, we have not been able to produce him and I am wondering if the court would grant me leave to file a petition so that a warrant could be issued for his arrest." The record does not show that such a petition was presented or filed.

2. "In all criminal prosecutions, the accused shall enjoy the right * * * to have compulsory process for obtaining Witnesses in his favor * * *."

the question of whether he made a showing entitling him to compulsory process for the production of Neal in court as a witness.

Certainly the court has power to punish for contempt of its authority any disobedience of its lawful writ or process. 18 U.S.C.A. § 401. So far as subpoenas for the attendance of witnesses are concerned, the courts have the power to make rules, 28 U.S.C.A. § 2071. Accordingly such rules have been promulgated, as we now set forth.

Rule 17 of the Federal Rules of Criminal Procedure deals with subpoenas for witnesses.

Paragraph (a) states that the clerk shall issue a subpoena under seal of the court and recites its required contents.

Paragraph (d) states the manner of service of a subpoena and by whom. Service shall be by delivering a copy to the person named and by tendering to him the fee for one day's attendance and the mileage allowed by law.

Paragraph (g) reads:

"Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued * * *."

Rule 42(b) provides:

"A criminal contempt * * * shall be prosecuted on notice. * * * The notice shall be given * * * on application * * * of an attorney appointed by the court for that purpose, by an order to show cause or an order of arrest. * * *"

The foregoing rules have been supplemented by rules of the district court below.

Rule 6 of its Criminal Rules provides:

"In all criminal proceedings, the general and civil rules of this court shall, insofar as they are applicable and are not inconsistent with the Acts of Congress relating thereto, with the Federal Rules of Criminal Procedure or with these Rules, be followed as nearly as may be."

Rule 7 of its Civil Rules provides:

"Proof of service of all papers required or permitted to be served may be made by certificate of the person serving the same, if he be an attorney of record in the case, by affidavit of the person serving the same or by written acknowledgment of service, or by *any other proof satisfactory to the court,* unless some other method of proof is expressly required by these Rules or by the Federal Rules of Civil Procedure." (Italics supplied.)

■ The rules of the district court were lawfully authorized and have a clear legislative base. United States v. Hvass, 355 U.S. 570, 575, 78 S.Ct. 501, 2 L.Ed. 2d 496.

■ The district court was performing its duties subject to the provisions of the foregoing rules. Before the court was the evidence as to how the alleged service of a subpoena on Neal had been made by the witness Bennett. It was for the court to determine by the exercise of a reasonable discretion as to whether the proof of service was "satisfactory" to it. In so holding we are giving effect to all language heretofore quoted from Rule 7. It is not necessary for us to adopt the contention of the government that proof of service of a subpoena under Rule 7 can be shown only by a certificate or an affidavit of the person serving the same. We agree with defense counsel that the sworn testimony of the purported subpoena server, heard in open court and subject to cross-examination, is of such quality that it should not be discarded in favor of the more formal requirements of the rule for a certificate or an affidavit. This view, we believe, gives meaning to all the language of the rule, is more practical in operation, and falls within the purview of "other proof satisfactory to the court".

■ Turning to the proof of service in this case, for several reasons we agree with the district court that there was a failure thereof and that the issuance of process for the arrest of Neal would have

been unjustified. The court never saw either the original or a copy of the alleged subpoena and had no way of determining whether the reference in the testimony of the witness to a "subpoena" was factually justified. There was no proof that the proper amount of mileage and witness fees was paid or tendered. 28 U.S.C.A. § 1821. Certainly the court did not have to accord to the witness Bennett the right to determine that $2 was the lawful amount due Neal for "eating" and "carfare" and that nothing was due him for his attendance fee.

As early as 1795, a federal court, in United States v. Caldwell, 2 U.S. 333, 1 L.Ed. 404, in ordering an attachment for a subpoenaed witness to issue, said that "it can only be in the case, in which the *subpoena* has been actually served. The practice must always be strict in the various stages of the business, before an attachment can be awarded; and all the documents upon which it is awarded, must be filed with the court." In that case, answering the argument that the witnesses subpoenaed were judges of a court, Justice Paterson said:

> "We pay no respect to persons: the law operates equally upon all; the high and low, the rich and poor. If we issue a *subpoena* to a justice or judge, and it is not obeyed, we should be more strict in our proceedings against such characters, than against others, whose office did not so strongly point out their duty."

Thus it was early recognized in the United States that the power of a court to enforce the attendance of witnesses by body attachment is available against all persons. It is necessary however that before the power is exercised, a strict compliance with the rules for the service of subpoenas must be proved in the manner provided by law.

We find no error in the proceedings in this respect in the district court and its conviction of defendant is affirmed.

Affirmed.

KILEY, Circuit Judge (dissenting).

I respectfully dissent. The District Court's Rule 7 permitted proof of service by certificate, by affidavit, "or by any other proof satisfactory to the court." The only reason given by the court for refusing to issue compulsory process for Neal was that there was no " * * * official return as required * * *." But Rule 7 does not require an "official return."

The District Court had discretion under Rule 7 to reject oral testimony as an "unsatisfactory" method of proof, but it did not reject that method here. And presumably the court, since it did not so state and the Government does not so argue, did not reject the witness' testimony as unworthy of belief. Official return of a summons is presumptively valid. The oral return permitted here under the Rule had the same value, absent a question of credibility, as other service under Rule 7. It was presumptively valid, and under the circumstances of this case was sufficient prima facie. The Government did not seek to overcome the presumption.

The Government argues that under United States v. Caldwell, 2 U.S. 333, 335, 1 L.Ed. 404 (C.C.Pa.1795), the District Court's reason for the ruling was justified; and that the subpoena was invalid as partly bad under Bowman Dairy Co. v. United States, 341 U.S. 214, 221, 71 S.Ct. 675, 95 L.Ed. 879 (1951), and United States v. Patterson, 92 U.S. App.D.C. 222, 206 F.2d 433, 434 (1953) because of the deficient witness fee of $2.00 the witness said she paid Neal. Rule 7 of the District Court renders that part of the Caldwell case relied upon inapplicable to justify the precise reason for the ruling here; and the Caldwell case does not invalidate the process for a deficient witness fee.

The deficient witness fee given Neal did not render the summons bad nor render him immune from compulsory process for its disobedience. United States v. Durling, Fed. Case No. 15,010 (N.D.

**308**

Ill.1869), Norris v. Hassler, 23 Fed. 581, 582–83 (Cir.Ct.D.N.J.1885). The reliance by the Government on Bowman Dairy and Patterson for this point is misplaced, for neither case dealt with the issue before us. Neal had a statutory right to $4.00 per day plus mileage allowance; but defendant has the constitutional right to have witnesses compelled to attend the trial in his behalf. The right of defendant on this record should have prevailed. The denial of his constitutional right was, in my opinion, prejudicially erroneous.