**TECHCRAFT, INC., d/b/a Techcraft Systems, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 277–86C.**

United States Claims Court.

Sept. 16, 1987.

---

William W. Sommers, San Antonio, Tex., attorney of record for plaintiff.

Lynn J. Bush, Washington, D.C., with whom was Asst. Atty. Gen. Richard K. Willard, for defendant.

## ORDER

REGINALD W. GIBSON, Judge.

This memorandum order addresses the Motion For Leave To Intervene in subject case by J & J Construction Co. (hereinafter J & J), a subcontractor to the plaintiff, Techcraft Inc. (d/b/a Techcraft Systems). On May 2, 1986, plaintiff filed a petition in this court to recover damages and increased costs, due to various alleged delays caused by defendant emanating out of a contract (No. N62467-83-C-9103) entered into with the Department of the Navy. The aggregate sum sought for such delays is $177,384.89. In substance, the contract work to be performed may be described as the installation of government-furnished equipment (E-28 Aircraft Arresting Gear at four locations) and demolition of existing equipment thereat.

J & J's motion to intervene, as subcontractor to subject plaintiff, is premised on its alleged entitlement under RUSCC 24(a), and that is—it has an interest in the trans-

1. The plaintiff prime contractor also filed an opposition to subject motion to intervene on

action which is the subject of the pending action; disposition of the pending action without intervenor will impair its ability to protect its interest; plaintiff has misrepresented a portion of its claim regarding the work of intervenor; the intervenor's interest is not adequately protected through plaintiff; and intervenor's interest will be impaired if not allowed to intervene.

RUSCC 24(a)(2) provides in pertinent parts as follows:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition ... may ... impair or impede his ability to protect that interest....

Against the foregoing background, the operative issue framed is—whether the word "anyone" contemplates a *subcontractor*, not in privity of contract with the defendant, in an action by its prime under the contract where the prime interposes an objection? We hold in the negative.

In opposition [1] to said motion, defendant strenuously avers that "subcontractors [do] not have standing to sue the Government for breach under the Tucker Act, 28 U.S.C. § 1491 or to pursue a claim for equitable adjustment under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601 *et seq.* Supportive of the foregoing position, defendant cites to *Erickson Air Crane Company of Washington, Inc. v. United States*, 731 F.2d 810 (Fed.Cir.1984); *United States v. Johnson Controls, Inc.*, 713 F.2d 1541 (Fed.Cir.1983); *Putnam Mills Corporation v. United States*, 479 F.2d 1334 (Ct.Cl. 1973); *Diamond Manufacturing Company v. United States*, 3 Cl.Ct. 424 (1983).

While *Erickson Air Crane, supra,* was not a RUSCC 24(a) intervention case but one in which a subcontractor sought to appeal *in its own right* under the Contract Disputes Act of 1978 to the Court of Appeals for the Federal Circuit, the definitive issue is the same, *i.e.,* standing to proceed

September 14, 1987.

against the government absent privity of contract. Consequently, the following operative language expressed there is equally relevant and controlling here:

> A party in interest whose relationship to the case is that of the ordinary *subcontractor* may prosecute its claims *only* through, and with the consent and cooperation of, the prime, and in the prime's name....

*Erickson Air Crane*, 731 F.2d at 814 (emphasis added).

The record is clear beyond cavil in the case at bar that J & J is not proposing to "prosecute its claims ... through, and with the consent and cooperation of, the prime, and in the prime's name." To the contrary, the pleading shows that intervenor seeks to individually litigate its interest herein against defendant over the objections of plaintiff. Therefore, on the basis of the foregoing authorities, we hold that because of the absence of privity between J & J and the defendant, this court is without jurisdiction to entertain J & J's complaint. With regard to the board and inclusive language contained in RUSCC 24(a), *supra,* that "anyone" shall be permitted to intervene as a matter of right if the indicated elements are satisfied, we hold that that rule does not propose to expand the jurisdiction of this court beyond that which has been contemplated by Congress in appropriate legislation.[2] In that connection, we note that intervenor cites this court to no binding authorities to the contrary.

J & J's motion to intervene as a subcontractor is, therefore, DENIED.

IT IS SO ORDERED.

---

[2] "The Supreme Court of the United States as well as all other Courts established by acts of Congress are empowered to 'prescribe rules for the conduct of their buiness.' 28 U.S.C. § 2071 (1982). *The one qualifying provision of this statute is that all such local court rules must be consistent with the Acts of Congress and the rules of practice* and procedure established by the Supreme Court. This statute, therefore, empowers the United States Claims Court to prescribe its own rules of practice and procedure to govern *all proceedings* in the Claims Court. 28 U.S.C. § 2503(b) (1982); *United States v. Hvass,* 355 U.S. 570, 575, 78 S.Ct. 501, 504–05, 2 L.Ed.2d 496 (1958). The Court has issued the Rules of the United States Claims Court, RUSCC, 28 U.S.C. (1982), which govern all actions in the United States Claims Court." *Sermor, Inc. v. United States,* 13 Cl.Ct. 1, (1987) (Horn, J.) at 4 (emphasis added).