Charles SMITH, Plaintiff–Appellant,

v.

John E. POTTER,* Postmaster General, U.S. Postal Service, Defendants–Appellees.

No. 00–15060.

D.C. No. CV–96–4665–PJH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2001.

Decided Sept. 4, 2001.

Before O'SCANNLAIN, TASHIMA, and THOMAS, Circuit Judges.

MEMORANDUM **

The district court granted summary judgment in favor of Appellees on Appellant's Privacy Act claim. We review that decision de novo. *Botosan v. Paul McNally Realty*, 216 F.3d 827, 830 (9th Cir.2000). The Privacy Act provides, in relevant part:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains....

5 U.S.C. § 552a(b). Thus, a threshold requirement of a Privacy Act claim is that the agency maintain a system of records that contains the record at issue.

We agree with the district court that Appellant failed to present sufficient evidence to support the existence of a record. Even assuming that he had, however, Appellant presented no evidence to show that whatever record may have existed was contained in a "system of records." A system of records is a "group of any records ... from which information is re-

---

* John T. Potter is substituted for his predecessor, Thomas J. Henderson, as Postmaster General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

trieved by the name of the individual or by some identifying number, symbol, or other identifying particular." 5 U.S.C. § 552a(a)(5); *see also Baker v. Dep't of Navy,* 814 F.2d 1381, 1384–85 (9th Cir. 1987) (noting that this definition "makes coverage under the Act dependent upon the method of retrieval of a record rather than its substantive content"). Here, there is no evidence that such a system existed for the type of record at issue in this case.

Finally, there is absolutely no authority to support Appellant's assertion that Appellees had a duty to make a record of Appellant's participation in the witness protection program and the reasons thereof. Therefore, summary judgment on this ground was appropriate as well.

AFFIRMED.