**Larry YOUNG, Plaintiff–Appellant,**

v.

**Jerry GILMORE, et al., Defendants–Appellees.**

No. 02–3690.

No. 99–1199.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 1, 2005.*

Decided Feb. 1, 2005.

Rehearing Denied May 6, 2005.

---

* After an examination of the briefs and the

record, we have concluded that oral argu-

Larry Young, Pontiac, IL, pro se.

Deborah L. Ahlstrand, Office Of The Attorney General Civil Appeals Division, Chicago, IL, for Defendants–Appellees.

Before MANION, EVANS and WILLIAMS, Circuit Judges.

ment is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See*

## ORDER

In this pro se action under 42 U.S.C. § 1983, Illinois inmate Larry Young claims that prison employees at the Pontiac Correctional Center refused to provide necessary treatment for injuries to his back and arm. Young sought leave to proceed in forma pauperis. Before even screening Young's unfiled complaint, a magistrate judge ordered Young to submit a copy of the complaint and summons for each defendant. When the district judge later determined that Young's submission came up short one summons and service copy of the complaint, the judge denied his IFP application and dismissed the case without prejudice, purportedly relying on 28 U.S.C. § 1915. We affirm on another ground.

Young submitted his complaint and IFP application to the district court for the Central District of Illinois but did not include as required by local rule, a copy of the complaint and a summons for each defendant. *See* C.D. Ill. R. 16.3(A)(2), (7), (8). A magistrate judge ordered him to submit the required documents within 45 days or face summary dismissal. Young timely submitted a summons and service copy for all five of the defendants named in his complaint. Nevertheless, the district judge denied IFP and dismissed the case "without prejudice pursuant to 28 U.S.C. § 1915" because Young did not submit a sixth summons and service copy for Dr. Dhupelia, who is not even a named defendant. Neither the magistrate judge nor the district judge mentioned Local Rule 16.3, but that provision seems to underlie the dismissal.

We review a § 1915 dismissal de novo. *De Walt v. Carter*, 224 F.3d 607, 611–12 (7th Cir.2000). Section 1915(e) directs dis-

Fed. R.App. P. 34(a)(2).

trict courts to dismiss an IFP action if at any time the court determines that the plaintiff's allegation of poverty is untrue or the action is frivolous or malicious, fails to state a claim, or seeks monetary damages against an immune defendant. Section 1915 does not, however, provide for a dismissal for failure to comply with local court rules or a court order. It seems that the district court was attempting to introduce into § 1915 the requirements of the court's local Rule 16.3 covering pretrial procedures in civil cases filed by prisoners. The court's local rules authorize a judge to dismiss a case if the plaintiff fails to submit "in one package" the complaint, a copy of the complaint and a completed summons for each defendant, and the filing fee or petition to proceed IFP. *See* C.D. Ill. R. 16.3(A)(2), (A)(7), (A)(8), (I).

The basis for reading the district court's local rule into § 1915 is not apparent. The district courts' authority for prescribing local rules is derived from, and cabined by statute, in this instance 28 U.S.C. § 2071(a). *United States v. Hvass*, 355 U.S. 570, 571, 78 S.Ct. 501, 2 L.Ed.2d 496 (1958), *Weibrecht v. S. Ill. Transfer, Inc.*, 241 F.3d 875, 879 (7th Cir.2001). A local rule or practice must be consistent with federal statutes and rules before it can be enforced, § 2071(a), Fed.R.Civ.P. 83, *Frazier v. Heebe*, 482 U.S. 641, 646, 107 S.Ct. 2607, 96 L.Ed.2d 557 (1987), *Weibrecht*, 241 F.3d at 879, and we have not had occasion to assess the validity of the practice here of requiring a litigant to provide service copies and summonses even before IFP has been granted or a complaint screened. We do not have to decide that question now, however, and express no opinion on the matter because, even if the procedure required by the local rule is valid, the district judge still was mistaken in requiring Young to submit a summons and service copy for Dr. Dhupelia because that individual is not named as a defendant in Young's complaint. Young in fact did what the court's order directed.

Nevertheless, we see no reason to remand this case. The dismissed complaint was just one of four overlapping lawsuits Young initiated in the district court between May and July 1999. The other three complaints named the same defendants (along with Dr. Dhupelia) and alleged everything included in the complaint at issue here. Shortly after dismissing this case, the district court consolidated the remaining complaints and enlisted counsel to assist Young. Even a lawyer, though, could not forestall the eventual grant of summary judgment for the defendants, and when Young appealed we ultimately dismissed his appeal under Circuit Rule 3(b) for failure to pay the required docketing fee. It is plain, then, that this fourth complaint would promptly be dismissed on grounds of claim preclusion if we were to reinstate Young's complaint and remand to the district court. *See, e.g., Cent. States, S.E. & S.W. Areas Pension Fund v. Hunt Truck Lines, Inc.*, 296 F.3d 624, 628 (7th Cir.2002); *Simon v. Allstate Employee Group Med. Plan*, 263 F.3d 656, 658 (7th Cir.2001); *Bethesda Lutheran Homes and Services, Inc. v. Born*, 238 F.3d 853, 857 (7th Cir.2001).

AFFIRMED.