Fletcher COREY, Plaintiff(s),

v.

Carol McNAMARA, individually and in her official capacity; Dannie R. Murphy, individually and in her official capacity; United States Postal Service, a federal agency, Defendant(s).

No. 2:03CV1326RLHRJJ.

United States District Court,
D. Nevada.

Jan. 12, 2006.

Kirk T. Kennedy, Kirk T. Kennedy, Law Office Of Las Vegas, NV, for Fletcher Corey, Plaintiff.

Daniel D. Hollingsworth, U.S. Attorney's Office, Las Vegas, NV, for Carol McNamara, Dannie R. Murphy, United States of America, Defendants.

## ORDER

(Motion to Dismiss-# 14)

HUNT, District Judge.

Before the Court is the **Federal Defendants' Motion to Dismiss** (# 14). Also considered are Plaintiff's Opposition (# 16) and Defendants' Reply (# 23). The motion has merit and will be granted for the reasons stated hereafter.

### BACKGROUND

Plaintiff filed a lawsuit in the Nevada state court against Defendant Carol McNamara. Plaintiff alleges that during the course of that litigation, Defendants, or one of them, disclosed to McNamara's attorney in the state case documents which are allegedly private and protected from disclosure by law. Plaintiff alleges a Section 1983 claim (First Claim), a negligence claim (Second Claim), and negligent supervision claim (Third Claim), an intentional infliction of emotional distress claim (Fourth Claim), and a violation of the Privacy Act–5 U.S.C. § 552, *et seq.*-(Fifth Claim).

Defendants' motion claims that Plaintiff has failed to (1) plead waiver of sovereign immunity, (2) plead this Court's subject matter jurisdiction, (3) establish this Court's personal jurisdiction over the Federal Defendants, (4) serve the Federal Defendants, (5) serve the Federal Defendants properly, (6) name the proper party, (7) comply with the statute of limitations, and (8) exhaust administrative remedies.

The case was previously dismissed as to Defendant Carol McNamara.

### DISCUSSION

*I. SECTION 1983 CLAIM (First Claim)*

■ A Section 1983 claim requires that the Defendants be acting under color of "state" law. The United States Postal

Service (USPS) and its employees are acting under federal law and are, therefore, not covered by Section 1983. Furthermore, the United States has not waived sovereign immunity for suits for damages arising under § 1983.

Perhaps recognizing the foregoing, Plaintiff concedes that a § 1983 claim is not proper against the Federal Defendants acting under color of federal law. Accordingly, this claim does not state a claim upon which relief can be granted, and the motion will be granted as to the First Claim.

*II. NEGLIGENCE (Second Claim), NEGLIGENT SUPERVISION (Third Claim), INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (Fourth Claim)*

■ Negligence, negligent supervision, and intentional infliction of emotional distress, are claims sounding in tort and, under Nevada law are torts. Plaintiff has not pled, nor can he establish, a waiver of sovereign immunity of the United States for torts committed by federal employees acting within the scope of their employment. The only waiver is a limited waiver under the Federal Tort Claims Act (FTCA) which is the exclusive remedy for such claims. *United States v. Smith,* 499 U.S. 160, 111 S.Ct. 1180, 113 L.Ed.2d 134 (1991); *FDIC v. Craft,* 157 F.3d 697, 706 (9th Cir.1998) ("FTCA is the exclusive remedy for tortious conduct").

. . . .

Plaintiff has not invoked or pled the Federal Tort Claims Act in his Complaint. Furthermore, he cannot invoke the FTCA because he failed to exhaust his administrative remedies with the United States Postal Service, all of which deprives this Court of subject matter jurisdiction.

■ "An action shall not be instituted upon a claim against the United States for money damages for injury … caused by the negligent or wrongful act or omission of any employee of the Government … unless the claimant shall have first presented the claim to the appropriate Federal agency. . . ." 28 U.S.C. § 2675(a). This requirement is jurisdictional and must be strictly adhered to, cannot be waived, and is strictly construed. *See Brady v. United States,* 211 F.3d 499, 502 (9th Cir.), *cert denied,* 531 U.S. 1037, 121 S.Ct. 627, 148 L.Ed.2d 536 (2000); *Cadwalder v. United States,* 45 F.3d 297, 300 (9th Cir.1995). "Exhaustion of the claims procedures established under the Act is a prerequisite to district court jurisdiction." *Johnson v. United States,* 704 F.2d 1431, 1442 (9th Cir.1983) (citations omitted). The purpose of this rule is to encourage administrative settlement of claims to prevent unnecessarily burdening the courts.

■ Plaintiff has delayed the filing of an administrative claim beyond the statute of limitations expiration date. It is undisputed that he was advised of the release of the documents to McNamara's counsel in the state action (Kevin Utterback) pursuant to a letter dated October 21, 2001, from Kevin Utterback to Plaintiff's counsel (both in the state case and the one at bar). "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal Agency within two years after such claim accrues. . . ." 28 U.S.C. § 2401(b). Plaintiff failed to file his claim with the USPS within two years of the alleged loss, a jurisdictional prerequisite under the FTCA. *Burns v. United States,* 764 F.2d 722, 724 (9th Cir.1985). The time begins to run when Plaintiff has knowledge of the injury and its cause. *Rosales v. United States,* 824 F.2d 799, 805 (9th Cir.1987).

Plaintiff argues that the Local Grievance # JEL–41–01 or # JEL–70–01 qualifies as an administrative claim, for the purposes of the statute of limitations and the FTCA.

Aside from the fact that Plaintiff has failed to plead or invoke the FTCA in his complaint, Local Grievance # JEL–41–01 does not qualify. The document to which Plaintiff refers is a Step 1 personnel grievance pursuant to the personnel contract between the USPS and the Union that Joe Lewis, Vice President, Las Vegas Area Local, American Postal Workers Union, AFL–CIO, signed. It addressed Plaintiff's involuntary transfer from a post office in a grocery store to the main post office.

Local Grievance # JEL–70–01 also does not qualify. It, too, is a Step 1 personnel grievance pursuant to the personnel contract between the USPS and the Union, filed by Joe Lewis, of the Las Vegas Area Local. This, too, is not an administrative FTCA claim. It is an APWU AFL–CIO form to grieve personnel actions to the USPS. It does not meet the requirements of an administrative FTCA claim, in that it fails to make a sum certain damage claim, and it is not signed by Plaintiff, his attorney or a close family member (who may sign when the claimant is physically or mentally unable to file on his own behalf). *Cadwalder v. United States,* 45 F.3d 297, 301 (9th Cir.1995).

The Ninth Circuit has stated:

[T]here is a jurisdictional requirement of a sum certain that comes from 28 U.S.C. § 2675. The provision of § 2675(b) that requires that an action cannot be instituted for any sum in excess of the amount of the claim presented makes it apparent that the claim must state a sum certain. It is the statute itself that forms the basis for the jurisdictional requirement as we held in *Warren* .... Thus, we hold that section 2675(a) requires the claimant or his legal representative to file (1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation and (2) a sum certain damages claim.

*Blair v. Internal Revenue Service,* 304 F.3d 861, 864 (9th Cir.2002) (quoting *Warren v. U.S. De't of Interior Bureau of Land Mgmt.,* 724 F.2d 776, 780 (9th Cir. 1984)) (*en banc*) (citation and quote marks omitted). Because Plaintiff failed to file an administrative claim, his claim is forever barred even under the FTCA. Only under the authority of the FTCA does the United States waive its sovereign immunity as to claims sounding in tort.

. . . .

 In the Second, Third, and Fourth Claims Plaintiff also asserts claims for intentional torts and punitive damages. Even the Federal Tort Claims Act does not waive sovereign immunity or provide subject matter jurisdiction for intentional torts. Section 2680(h) exemptions are jurisdictional. *Orsay v. United States Dep't of Justice,* 289 F.3d 1125, 1136 (9th Cir. 2002); *Meridian Int'l Logistics, Inc. v. United States,* 939 F.2d 740, 743 (9th Cir. 1991). Section 2680(h) bars claims of intentional infliction of emotional distress. And even the FTCA does not incorporate alleged violations of § 1983 or the Privacy Act. Furthermore, Plaintiff failed to contest these points in his opposing points and authorities. Local Rule 7–2(d) provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capital, Inc.* 718 F.Supp. 828, 831 (D.Nev.1989). It has been said these local rules, no less than the federal rules or acts of Congress, have the force of law. *United States v. Hvass,* 355 U.S. 570, 574–575, 78 S.Ct. 501, 2 L.Ed.2d 496 (1958); *Weil v. Neary,* 278 U.S. 160, 169, 49 S.Ct. 144, 73 L.Ed. 243 (1929); *Marshall v. Gates,* 44 F.3d 722, 723 (9th Cir. 1995).

 It is also noted that Plaintiff has failed to name the correct parties. Under the FTCA, the United States is the only

proper defendant in cases alleging tortious conduct. *FDIC v. Craft,* 157 F.3d at 706; *Kennedy v. United States Postal Service,* 145 F.3d 1077, 1078 (9th Cir.1998). Accordingly, both Dannie R. Murphy, the United States Postal Service, and, for that matter, Carol McNamara, are improperly named parties. Plaintiff's opposition also failed to provide points and authorities in opposition to this ground for dismissal.

For the foregoing reasons, Plaintiff's Second, Third and Fourth Claims must be dismissed.

### III. PRIVACY ACT (Fifth Claim)

[10] Under the Privacy Act, a plaintiff can only sue United States agencies, not individual defendants. *Sutton v. Providence St. Joseph Med. Ctr.,* 192 F.3d 826, 844 (9th Cir.1999). Accordingly, Plaintiff cannot sue Dannie R. Murphy and the claim against her must be dismissed. Plaintiff has consented to the dismissal and such will be the Court's order.

■ The documents which were disclosed are the Step 1 Grievance papers. Those documents are not covered by the Privacy Act, inasmuch as they are not a record contained in the USPS system of records. The Privacy Act provides, in part, protection to individuals from disclosure of records which are part of the system of records maintained by an agency of the United States. 5 U.S.C. § 552a(a)(2–5) and (b). Title 5 U.S.C. § 552a(b) states, "No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains...." If a record is not maintained in its system of records, the Privacy Act does not apply. *Smith v. Potter,* 17 Fed.Appx. 731, 2001 WL 1019557 (9th Cir.2001). Defendants have shown, and Plaintiff has not provided contrary evidence, that Step 1 Grievance papers are not a record maintained by the USPS in its system of records. Grievances that go beyond Step 1 are kept as a record in USPS's system of records, but not Step 1 Grievances, and is shown by Defendants' Exhibit D to their Reply. Plaintiff failed to address this argument, which constitutes a consent to it under Local Rule 7–2(d).

Because Step 1 Grievances are not part of the record maintained by the USPS in its system of records, the Privacy Act does not apply to the documents which comprise the alleged disclosure and Plaintiff has no cause of action under the Privacy Act and in the Fifth Claim fails to state a claim upon which relief can be granted. Accordingly, the Fifth Claim must be dismissed.

### IV SERVICE OF PROCESS

Plaintiff was given an extension of time, to April 15, 2005, to properly serve the United States Postal Service and Dannie Murphy.

■ Plaintiff allegedly served the United States Postal Service through Nadine from labor relations at 1001 East Sunset Road, Las Vegas, Nevada. The USPS cannot be served through Nadine and this is insufficient service of process as required by Fed.R.Civ.P. 4(i)(1) and (2)(A) and (B). Accordingly, Plaintiff has not completed service on the USPS and, therefore, the Court lacks personal jurisdiction over the USPS.

Service of the summons and complaint on Dannie R. Murphy was purportedly made through a white female with long grey hair at 5620 Rustic View Court, Las Vegas, Nevada 89131. This attempted service also does not comply with Fed.R.Civ.P. 4(i)(1) and (2)(A) and (B). Accordingly, Plaintiff has not completed service on Dannie R. Murphy and, therefore, the Court lacks personal jurisdiction over Dannie R. Murphy.

The time for service pursuant to Rule 4(m), even with the extension of time to serve has long since passed and is further grounds for dismissal of the Complaint.

## ORDER

Accordingly, for good cause appearing, including the reasons set forth above, IT IS HEREBY ORDERED that the **Federal Defendants' Motion to Dismiss** (# 14) is GRANTED.