In re NACHMAN et al.

(District Court, D. South Carolina. May 5, 1902.)

BANKRUPTCY—EXAMINATION—CRIMINATING TESTIMONY.

The provision of Const. U. S. Amend. 5, that no person shall be compelled in any criminal case to be a witness against himself, may be invoked by a witness under examination in bankruptcy proceedings; Bankr. Act 1898, § 7, providing that no testimony given by bankrupt on examination concerning conduct of his business shall be offered in evidence against him in any criminal proceeding, being a protection only against use of his testimony in a prosecution in a federal court.[1]

In Bankruptcy.

Mitchell & Smith, for petitioning creditors.
Holman & Legare, for bankrupt.

BRAWLEY, District Judge. G. H. Nachman, a member of the firm of Nachman Bros., which firm had been adjudicated as a bankrupt in involuntary proceedings, being under examination as a witness, certain questions were asked him to which the counsel for said witness objected, on the ground that the answers thereto might tend to incriminate the witness. The referee overruled the objection, and upon request of counsel has certified the same to me for settlement, the reference having been adjourned awaiting an opinion on the question submitted.

Upon the part of the creditors it is contended that, under section 7 of the bankrupt act, it is the duty of the bankrupt to submit to an examination concerning the conducting of his business, the cause of his bankruptcy, his dealings with his creditors and other persons, and that the provision contained in said section that "no testimony given by him shall be offered in evidence against him in any criminal proceeding" is a sufficient protection against any prosecution and penalty, if under such examination, and under the compulsion of this section, he should give criminating testimony. The case of Mackel v. Rochester, 4 Am. Bankr. R. 1, 42 C. C. A. 427, 102 Fed. 314, is relied upon in support of this view. This case, which was decided in the circuit court of appeals for the Ninth circuit, would seem to be entitled to more weight than the conflicting views of several of the district courts, but, inasmuch as it is not of controlling authority, I feel compelled to examine the question, and to decide it according to my own views. The witness relies on that portion of the fifth amendment of the constitution which declares that "no person * * * shall be compelled in any criminal case to be a witness against himself." In Counselman v. Hitchcock, 142 U. S. 562, 12 Sup. Ct. 198, 35 L. Ed. 1110, it is said: "It is impossible that the meaning of the constitutional provision can only be that a person shall not be compelled to be a witness against himself in a criminal prosecution against himself. It would doubtless cover such cases, but it is not limited to them. The object was to insure that a person should not be compelled, in acting as a

[1] See Bankruptcy, vol. 6, Cent. Dig. § 400.

witness in any investigation, to give testimony which might tend to show that he himself had committed a crime. The privilege is limited to criminal matters, but it is as broad as the mischief against which it seeks to guard," and the principle is well established that this constitutional provision, which has long been regarded as one of the safeguards of civil liberty, should be applied in a broad spirit, to secure to the citizen immunity from every kind of self-accusation. A literal construction would deprive it of its efficacy. I am compelled to conclude, therefore, that the constitutional provision may be invoked by witnesses under examination in bankruptcy proceedings/ and the only question for decision is whether the proviso that "no testimony given by him shall be offered in evidence against him in any criminal proceeding" deprives him of his constitutional right. This proviso can have no other effect than to protect him against the use of his testimony in any prosecution in the courts of the United States. It would be no answer to a prosecution which might be instituted in the state courts, which are not created by acts of congress, and which prescribe their own rules of proceedings independently of congress. Testimony thus given under compulsion might be used to search out other testimony which could be used against him, a clue to which might not otherwise be obtained, and the immunity provided by the constitution would thus be frittered away. No act of congress can deprive a citizen of the privilege afforded by the constitution unless it supplies a complete protection from all perils against which the constitution was intended to provide. Section 7 of the bankrupt act, cited above, does not provide such complete protection. The supreme court of the United States in Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110, held that the provision of the interstate commerce act which was in the following words, "but such evidence or testimony shall not be used against such person on the trial of any criminal proceeding," did not afford complete immunity, and hence did not take away the privilege of the witness to refuse to answer questions which would tend to incriminate. This interstate commerce act was thereafter amended, it is supposed, in consequence of this decision, and it was provided in the amended act that "no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify or produce evidence, documentary or otherwise, before said commission"; and the case of Brown v. Walker, 161 U. S. 591, 16 Sup. Ct. 644, 40 L. Ed. 819, arose under this amended act. This case is cited by the circuit court of appeals of the Ninth circuit in the support of its conclusion that the witness should be compelled to answer. It will be found upon examination that the provision of the bankrupt act is almost identical with that provision of the interstate commerce act which was under review in the case of Counselman v. Hitchcock, and that case seems to be of more controlling authority than Mackel v. Rochester, which relied upon the later case of Brown v. Walker. It may be well contended that the object designed to be accomplished by section 7 of the bankrupt act, which requires the bankrupt to

submit to an examination concerning the conduct of his business, will be defeated, if the witness is thus permitted to refuse to testify concerning his dealings with his creditors and others, and such undoubtedly is the unfortunate result; but it is for the congress to provide, if it can, against such contingencies. It might well provide that a witness who refused to answer questions concerning his business should be deprived of his right to a discharge. That would be within its right. The courts cannot deprive a citizen of the constitutional right invoked by him for his protection upon any consideration of inconvenience or for the purpose of administering what it may regard as a salutary and useful law.

My conclusion, therefore, is that a witness, under examination before a referee in bankruptcy, cannot be compelled to answer a question the answer to which he claims will tend to criminate him, and the case will be remanded to the referee, with directions to conduct the examination in conformity with this opinion.

In examining the testimony sent up by the referee, it appears that the witness Nachman was examined concerning the contract made with the Virginia-Carolina Chemical Company, a copy of which was offered in evidence and admitted, and to the question, "Did you send them a list of the notes and collaterals up to the 1st of May, 1901?" objection was made by counsel for the bankrupt on the ground that this contract makes it a breach of trust, practically, for Mr. Nachman not to have sent in his funds to the Virginia-Carolina Chemical Company. It does not appear that the witness objected to answering this question on the ground that it would tend to criminate him, and the witness answered that he "sent them a list of the parties to whom he had sold the fertilizers"; and to the further question, "Did you say this list is the correct list sent by you?" counsel for bankrupt likewise objected on the ground that the answer to the question would tend to incriminate the witness. The court does not perceive that the answer to this question would have the effect to incriminate the witness. It would infer from the general course of the examination that the counsel for the bankrupt apprehended that the tendency of these questions might lead to an inquiry as to what the witness had done with funds collected upon these notes, and as the conversion of such funds would be a breach of trust on the part of the witness, and subject him to a prosecution for larceny under the state law, counsel endeavored to prevent any inquiry whatever concerning the conduct of the witness in his relation to the Virginia-Carolina Chemical Company. Under the provisions of section 7, the witness is compelled to give testimony concerning his business, and he cannot interpose objections which will shut out all light whatever from his creditors. The constitutional immunity can only be invoked to protect him from answering a question the answer to which might subject him to prosecution. In the further conduct of the examination the referee is directed, whenever a question is propounded, to notify the witness that he is not required to answer it if the answer would tend to criminate himself. It is only questions of that nature that he may refuse to answer. He is not to be permitted to interpose his constitutional

immunity as a shield to every inquiry concerning his business, nor is his counsel to be permitted to delay or obstruct inquiry by making objections for him. If he claims that the answer to any question propounded would tend to criminate him, he cannot be compelled to answer. This claim, to be effective, should be made by the witness himself, but the referee should notify him that a statement that such answer would tend to criminate him would, if false, subject him to a prosecution for perjury, as would any other false oath.