BUCKEYE POWDER CO. v. HAZARD POWDER CO.

(District Court, D. Connecticut. June 30, 1913.)

1. WITNESSES (§ 298*)—DOCUMENTS—DUTY TO PRODUCE—OBJECTIONS—PRIVATE PROPERTY.

Where the testimony of a witness was being taken de bene esse in support of an action for the destruction of plaintiff's business by defendant in violation of Sherman Act July 2, 1890, c. 647, § 7, 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202), it was no answer to the witness' duty to produce documents in his possession and relevant to the inquiry that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

they were his private property, and that he was not a party to nor interested in the suit.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1038–1041; Dec. Dig. § 298.*]

2. DEPOSITIONS (§ 66*)—ANSWERS—OBJECTIONS OF WITNESS—IMMATERIALITY.
A witness, whose testimony is being taken de bene esse, is not entitled to refuse to answer questions because he or his counsel believe them to be immaterial and irrelevant.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. § 146; Dec. Dig. § 66.*]

3. WITNESSES (§ 305*)—CONSTITUTIONAL PRIVILEGE—WAIVER.
Where a witness had already admitted that he wrote an article, which seriously reflected on plaintiff and praised another corporation which plaintiff claimed had been instrumental in putting it out of business, the witness thereby waived his privilege not to testify concerning the article, on the ground that to do so might subject him to a criminal prosecution for libel.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 1053–1057; Dec. Dig. § 305.*]

4. DEPOSITIONS (§ 8*)—TESTIMONY—OBJECTIONS.
Where plaintiff instituted suit against defendant to recover treble damages for the destruction of plaintiff's business, in alleged violation of Sherman Act July 2, 1890, c. 647, § 7, 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202), it would be presumed that the action was honestly brought and intended to be tried, so that it was no objection to the taking of a witness' deposition de bene esse that the proceedings amounted to no more than a fishing excursion to obtain the testimony in aid of another proceeding, if it was favorable.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 8, 10; Dec. Dig. § 8.*]

5. EVIDENCE (§ 129*)—SUBSEQUENT CONDUCT—CONSPIRACY.
In an action for treble damages for conspiracy to destroy plaintiff's business in violation of Sherman Act July 2, 1890,. c. 647, § 7, 26 Stat. 210 (U. S. Comp. St. 1901, p. 3202), the alleged conspiracy being a continuous transaction, evidence of the conduct of the alleged conspirators, after the date when plaintiff's business was destroyed, was admissible as bearing on the question whether a combination or conspiracy existed before that date.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 388–393, 395–398; Dec. Dig. § 129.*]

At Law. Action by the Buckeye Powder Company against the Hazard Powder Company. On motion to compel a witness, whose testimony was being taken by deposition de bene esse, to answer certain questions. Motion granted.

MacFarland, Taylor & Costello, of New York City, and Hyde, Joslyn, Gilman & Hungerford, of Hartford, Conn., for plaintiff.

Henry F. Parmelee, of New York City, for defendant.

WARD, Circuit Judge. The complaint alleges that the E. I. Dupont De Nemours Company formed a combination of various powder makers, including the defendant, to monopolize the interstate business in powder and other explosives, which combination finally and deliberately destroyed the plaintiff's business September 19, 1908. Threefold

damages are claimed under section 7 of the Sherman Act, amounting to $3,000,000.

The plaintiff has brought a similar action in the district of New Jersey against the E. I. Dupont De Nemours Company and other corporations, charged as co-conspirators, including the defendant herein, on which, being a Connecticut corporation, service of process could not be had.

The deposition de bene esse under section 863, Rev. Stat. U. S. (U. S. Comp. St. 1901, p. 661) of Charles F. Rideal, residing in the city of New York, more than 100 miles from the place of trial, is being taken. He has been served with a subpœna to testify and produce documents, and he refuses to answer certain questions which are certified by the commissioner to me.

The first objection made by counsel for the witness was that he had been given but one day's notice to produce documents, which could not be produced in so short a time, which the commissioner met by allowing an adjournment of 12 days. On the adjourned day counsel for the witness objected on the ground that the witness had been served with a subpœna duces tecum, without being served with a subpœna to testify. This is not so. The subpœna called upon him both to testify and to produce documents.

The witness did produce one paper, namely, the advance proof of an article entitled "The Five Million Dollar Suit," referring to the suit brought in the district of New Jersey, in which the plaintiff was very severely reflected upon and the E. I. Dupont De Nemours Company greatly praised. The witness has admitted that a letter dated August 27, 1912, though signed in his name, was dictated, but not signed, by him. This letter is a clear admission that he wrote the article.

[1, 2] The other documents called for he refused to produce, because they were his private property and he was not a party to nor interested in the pending action. These objections were entirely without merit. This should have ended the activities of counsel for the witness, but he was allowed to remain, and instructed the witness not to answer question after question, on the ground that it was immaterial and irrelevant. With this the witness had no concern whatever.

[3] At the hearing before me his counsel made the additional objection that answering these questions might expose him to a criminal prosecution for libel. This, I think, if originally made, would have been a good objection under the fifth amendment to the Constitution, because section 860, Rev. Stat. U. S. (U. S. Comp. St. 1901, p. 661) gives him no immunity from prosecution for libel in the state court. In re Nachman (D. C.) 114 Fed. 995. As, however, he has in this proceeding admitted that he wrote the article in question, I think his privilege is waived.

[4] Counsel for the defendant made no objections whatever; but, it having been stipulated that he might do so before me, I have to determine whether the whole examination was so clearly without the issues that the question should not have been answered. The defendant objects that this is a mere fishing excursion, to find out what the witness will testify to, and then examine him as a witness in the suit

pending in New Jersey, if his testimony will be helpful. Second, it says that the article in question was published long after the plaintiff's cause of action arose, and cannot be made a ground for recovering damages. As to the first objection, I must presume that the action is honestly brought and intended to be tried. Indeed, the defendant can compel a trial.

[5] As to the second, although the decision in Blease v. Garlington, 92 U. S. 1, 23 L. Ed. 521, does not apply to actions at law, still its theory does apply to depositions taken in such actions, because, if testimony is improperly excluded by the court which issues the subpœna, the deposition will be suppressed and must be taken over again; whereas, if testimony is improperly admitted under objection and exception, the trial court will exclude it. The alleged conspiracy being a continuous transaction, the conduct of the alleged co-conspirators after September 19, 1908, when the plaintiff's business is said to have been destroyed, may throw light upon the question whether a combination or conspiracy did exist before that date. No testimony should be excluded which is not clearly without the issues. Therefore the witness must answer these questions.

In respect to documents, only such as come from the defendant and the alleged co-conspirators should be produced, and if counsel think any such are clearly without the issues the commissioner may submit them to the court.