## SACHER *v.* UNITED STATES.

No. 828.   Decided May 19, 1958.

*Hubert T. Delany, Frank J. Donner* and *Telford Taylor* for petitioner.

*Solicitor General Rankin, Assistant Attorney General Tompkins, Philip R. Monahan* and *Doris H. Spangenburg* for the United States.

PER CURIAM.

The petition for writ of certiorari to the United States Court of Appeals for the District of Columbia Circuit is granted.   Charged in a three-count indictment for violation of R. S. § 102, as amended, 2 U. S. C. § 192, for failure to answer three questions put to him by a subcommittee of the Internal Security Subcommittee of the Senate Committee on the Judiciary, the petitioner, having waived

trial by jury, was found guilty on all counts and sentenced to six months' imprisonment and to pay a fine of $1,000. After the sentence was sustained by the Court of Appeals, 99 U. S. App. D. C. 360, 240 F. 2d 46, this Court, having granted a petition for certiorari, remanded the case, 354 U. S. 930, to the Court of Appeals for reconsideration in light of *Watkins* v. *United States,* 354 U. S. 178. On reargument before the Court of Appeals sitting *en banc,* a divided court again affirmed the conviction. 102 U. S. App. D. C. 264, 252 F. 2d 828.

The broad scope of authority vested in Congress to conduct investigations as an incident to the "legislative Powers" granted by the Constitution is not questioned. See *Watkins* v. *United States, supra,* at 215. But when Congress seeks to enforce its investigating authority through the criminal process administered by the federal judiciary, the safeguards of criminal justice become operative. The subject matter of inquiry before the subcommittee at which petitioner appeared as a witness concerned the recantation of prior testimony by a witness named Matusow. In the course of the hearing, the questioning of petitioner entered upon a "brief excursion," 99 U. S. App. D. C. 360, 367, 240 F. 2d 46, 53, into proposed legislation barring Communists from practice at the federal bar, a subject not within the subcommittee's scope of inquiry as authorized by its parent committee. Inasmuch as petitioner's refusal to answer related to questions not clearly pertinent to the subject on which the two-member subcommittee conducting the hearing had been authorized to take testimony, the conditions necessary to sustain a conviction for deliberately refusing to answer questions pertinent to the authorized subject matter of a congressional hearing are wanting. *Watkins* v. *United States, supra.* The judgment of the

Court of Appeals is therefore reversed and the cause remanded to the District Court with directions to dismiss the indictment.

*Reversed.*

MR. JUSTICE BURTON took no part in the consideration or decision of this case.

MR. JUSTICE HARLAN, concurring.

In joining the Court's opinion, I am constrained to write these few words with reference to my Brother CLARK's suggestion that the Court should hear argument in this case. As the limited scope of the Subcommittee's authority is not in dispute, the controlling issue is whether the pertinency of the questions put to petitioner was of such "undisputable clarity" as to justify his punishment in a court of law for refusing to answer them. *Watkins* v. *United States,* 354 U. S. 178, 214. That issue can only be determined by scrutiny of the record, and a full-dress argument could hardly shed further light on the matter. In such circumstances prompt disposition of the case before us certainly constitutes sound judicial administration. For my part, it is abundantly evident that the pertinency of none of the three questions involved can be regarded as undisputably clear, as indeed is evidenced by the different interpretations of the record advanced by the members of this Court and of the Court of Appeals who have considered the issue.

MR. JUSTICE CLARK, with whom MR. JUSTICE WHITTAKER concurs, dissenting.

Petitioner concedes that the subject matter under inquiry, the Matusow recantation, "was clearly defined by the subcommittee and [he] was specifically notified as to what that subject was at the time he was sub-

poenaed."* If any of the three questions which petitioner refused to answer is clearly pertinent to that subject, the judgment must be sustained, since a general sentence was imposed after conviction on three counts, one for each refusal. *Claassen* v. *United States,* 142 U. S. 140 (1891).

The third question, covered by the third count of the indictment, was whether petitioner was or ever had been "a member of the Lawyers' Section of the Communist Party, U. S. A." I think it obvious that the "brief excursion" into proposed legislation barring Communist lawyers from the federal courts did not carry as far as this question, which was vital to a matter in which the Committee properly was interested—petitioner's role in a Communist conspiracy to procure Matusow's recantation. The context of the question clearly relates it to the recantation rather than the proposed legislation. Just prior to asking about membership in the Lawyers' Section of the Party, the Committee asked three times whether petitioner had attended a birthday party for one Alexander Bittelman. Petitioner replied that he did not remember. The Committee already had reports that he was at the party, which numbered 50 high Communists among its guests, and that information was one of the reasons why he was called before the Committee. He then was asked if he had "any connection with the legal commission or law commission of the Communist Party," for the Committee also had information that either he or one Nathan Witt probably was the head of a group of important Communists constituting a lawyers' commission to formulate legal strategy for the party. Upon answering that he

---

*The concession appears in petitioner's application for certiorari last year, No. 884, 1956 Term, which we granted, 354 U. S. 930, in connection with our remand in light of *Watkins* v. *United States,* 354 U. S. 178 (1957). Nothing in the present application for certiorari controverts the concession.

"[did] not know of any such organization," he was asked the question at issue, namely, whether he was or had been a member of the Lawyers' Section of the Party.   Its relationship to the Matusow recantation is confirmed by the Committee's next question, asking whether petitioner had attended a Communist meeting in 1947 "at the home of Angus Cameron," publisher of Matusow's autobiography.

When the question is viewed in context, it seems to me that pertinency is clearly established.   Petitioner is a seasoned lawyer with trial experience.   Both questions and answers may go afield in the examination of a witness—a truism to every trial practitioner—but that fact cannot license a witness' refusal to answer questions which are relevant.

In any event the Government should be given a chance to present oral argument on the pertinency of the question under the third count before petitioner is freed.   Opportunity for a hearing is particularly important here because the issue is one that confronts the Committees of the Congress day after day.   For these reasons I dissent from the summary reversal of petitioner's conviction.