**Clyde H. HALE, Jr., Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 10005.**

United States Court of Appeals
Tenth Circuit.

Jan. 21, 1969.

Rehearing Denied March 17, 1969.

---

1. We express no opinion on whether the facts alleged to have occurred constitute a ground for federal relief.

John C. Moran, Oklahoma City, Okl., for appellant.

David A. Kline, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), Oklahoma City, Okl., for appellee.

Before LEWIS, HILL and SETH, Circuit Judges.

HILL, Circuit Judge.

Appellant was tried and convicted before a jury on a one count indictment charging the crime of perjury under 18 U.S.C. § 1621.  There is little dispute as to the facts as disclosed by the evidence and appellant chiefly relies upon legal technicalities as he apparently did in the trial court.

In March, 1966, two residents of Puerto Rico filed a civil suit in the United States District Court for the Western District of Oklahoma against appellant, two other individuals, Kelley and Rogers, and a corporation owned by Kelley and Rogers, to recover, among other items, the sum of $38,000. Plaintiffs alleged that they had paid this amount to the three individual defendants as a "standby fee" and because of defendant's failure to perform they were entitled to the return of the fee. At the time this suit was commenced counsel for plaintiffs filed a notice to take the depositions of Hale, Rogers and Kelley. The depositions were to be taken in the office of Hayden Addington, an official court reporter for the Western District.[1] Subpoenas and notices were issued and served on the three defendants and, pursuant thereto, the three appeared on April 13, 1966, in the office of the court reporter to be deposed. One of the associates in the Addington firm, a Mrs. Cline, who was a notary public and certified court reporter in the State of Oklahoma, appeared and administered the usual oath before proceeding to record appellant's deposition. During the course of the deposition Hale testified that he received the "stand-by fee" in the form of three money orders and a check; that he converted these into cash and put the cash in a safety deposit box in an Oklahoma City bank; and that the cash was at the time of the deposition in the safety deposit box. Little discovery evidence was thereafter obtained during the taking of the depositions of Kelley and Rogers as both invoked the Fifth Amendment and refused to testify.

On May 5, 1966, the court issued an injunction directing Hale to hold the $38,000 pending the outcome of the litigation and on November 6, 1966, the court entered a default judgment against Hale and directed him to pay the $38,000 into court. Hale failed to comply and he was ordered to show cause why he should not be held in contempt of court. Hale filed an answer to the show cause order and attached thereto his affidavit. In that affidavit he admitted that at no time after the civil suit was filed did he have possession of any of the funds involved in that litigation. A formal hearing in this civil contempt proceeding was held. before one of the judges of the Western District on January 25 and 26, 1967. Hale appeared personally at the hearing, was represented by counsel, and took the witness stand and testified. By his testimony there he expressly admitted that he had not told the truth at the time of the taking of the April 13, deposition. The civil contempt proceeding was thereafter dismissed because of Hale's showing an inability to comply with the order of the court and a knowledge of this inability on the part of the plaintiffs' attorneys when they commenced the proceeding. The perjury aspect of the case was thereafter presented to a Grand Jury and the indictment in this case was returned.

Appellant first contends that the admissions made by him during the civil contempt proceeding were inadmissible because they amounted to a confession and were obtained from him during questioning by the trial judge at a time when he was in custody under bond and unapprised that such admissions would be used against him in a criminal case. We view this argument as ingenious but wholly without merit. As pointed out by the appellee, not only did Hale voluntarily attach an affidavit to his answer in the contempt case, but later at the hearing, where he was represented by counsel, he took the witness stand without objection and repeated the admissions made in that affidavit, but in somewhat more detail.

Statements made by a party on the witness stand, if adverse to his interest, are considered to be admis-

1. In addition, Addington operates a court reporting service in downtown Oklahoma City under the name, Hayden Addington & Associates.

sions,[2] and as such, they are admissible evidence against the maker in a subsequent criminal prosecution against him.[3] Apparently appellant would have us take Hale's statements out of the classification of admissions and categorize them as a confession. We do not follow this line of reasoning but instead consider the statements made by Hale, both in the filed affidavit and in his oral testimony, to be admissions made during the course of civil proceedings and admissible against him in the subsequent perjury prosecution in accordance with the above stated rule. Even if we accepted appellant's categorization of these statements and deemed them a confession, the record does not disclose any illegality in the obtaining of the statements. Appellant, a lawyer with many years of experience who was represented by two additional lawyers, voluntarily filed the affidavit and testified on the witness stand without objection. He deliberately chose this strategy in his efforts to thwart the contempt proceedings. In this connection we must observe that on cross-examination during the trial of this case, Hale corroborated the testimony he had given during the taking of the deposition—the very testimony covered by this point and the false testimony upon which the perjury charge is based. He also complains that while he was testifying at the contempt hearing the trial judge questioned him in some detail about his connection with the $38,000 item. To us the record discloses only diligence on the part of the trial judge in an effort to bring out all of the material facts. We have considered all of the authorities[4] cited by appellant on this point and must conclude, that they are simply not applicable to the facts of this case.

Appellant next attacks the validity of the indictment and the entire prosecution. He contends that he did not read or sign the transcript of the testimony taken by the deposition; that the deposition was not taken in accordance with the subpoena he received; that the deposition was not timely filed; that he was not given notice of the filing; and that the deposition was never offered into evidence. Based upon these alleged failures of the deposition to conform to the Federal Rules of Civil Procedure, appellant would argue that the deposition was not a deposition under the laws of the United States and, therefore, cannot be the basis for a perjury prosecution.

The essential elements of the crime of perjury under 18 U.S.C. § 1621 are the taking of an oath authorized by a law of the United States before a competent tribunal, officer or person and the giving of a false statement, wilfully made, as to facts material to the hearing.[5] It is clear from the record that all of these elements are present in

2. Pope v. Allis, 115 U.S. 363, 6 S.Ct. 69, 29 L.Ed. 393 (1885); Vincent v. Young, 324 F.2d 266 (10th Cir. 1963); Milton v. United States, 71 App.D.C. 394, 110 F. 2d 556 (1940); Warde v. United States, 81 U.S.App.D.C. 355, 158 F.2d 651 (1946); Taylor v. United States, 327 F.2d 232 (5th Cir. 1964). See, 9 Wigmore, Evidence § 2594a.

3. Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047 (1968); Edmonds v. United States, 106 U.S.App. D.C., 373, 273 F.2d 108 (1959); United States v. Castellana, 349 F.2d 264 (2d Cir. 1965); Ayres v. United States, 193 F.2d 739 (5th Cir. 1952).

4. Sacher v. United States, 102 U.S.App. D.C. 264, 252 F.2d 828 (1958) rev'd. on other grounds, 356 U.S. 576, 78 S.Ct. 842, 2 L.Ed.2d 987; United States v. Goodner, 35 F.Supp. 286 (D.Colo.1940); and In re Nachman, 114 F. 995 (D.C. S.C.1902), were all situations in which the issue involved the right of a party to refuse to testify. We would agree that the privilege applies to all statements made in open court i. e., the witness or party litigant may not be compelled to testify, however, appellant was not so compelled except in his own enlightened self-interest. United States v. Thayer, 214 F.Supp. 929 (D.Colo.1963), is inapposite for several reasons, not the least of which is that the element of "entrapment" pervaded the entire discussion of the issues in that case.

5. United States v. Hvass, 355 U.S. 570, 78 S.Ct. 501, 2 L.Ed.2d 496 (1958).

this case. Rule 28(a), F.R.Civ.P. expressly authorizes the taking of depositions "before an officer authorized to administer oaths by the laws * * * of the place where the examination is held * * *." By this measure Mrs. Cline was a proper person to administer the oath to Hale and a person before whom the deposition could be taken. We do not have the notice to take the deposition in the record but the subpoena served on Hale directed him to appear in the office of Hayden Addington in downtown Oklahoma City for the taking of the deposition. The record does not show any objections by Hale to the sufficiency of the notice or to the authority of Mrs. Cline, as is required by Rule 32(a) and (b), F.R.Civ.P.

■ Appellant also complains that he did not read or sign the deposition after it was transcribed. Mrs. Cline testified that she made a request to Hale by letter to sign the deposition to which he did not respond. However, this argument is wholly immaterial, as is the argument concerning the late filing of the deposition, the lack of notice to Hale as to the filing of the same, and the failure to use the deposition in the trial of the case. When the oath was administered to Hale and he thereafter wilfully gave false testimony as to material facts in the case, all of the elements of the offense were present and the crime of perjury had been committed. United States v. Norris, 300 U.S. 564, 57 S.Ct. 535, 81 L.Ed. 808 (1957). We need not go into the right of a person to retract his testimony or to purge himself after committing perjury because the facts here show no such timely effort on the part of appellant.[6]

Lastly, appellant points error by the trial judge in excluding evidence offered by the defense. Without doubt, some six months after the crime had been committed Hale consulted with an attorney, who advised a full disclosure of the false statment to the opposing counsel in the civil suit and such a disclosure was made at that late date. This evidence was stricken from the record upon objection by the Government. In addition, the trial judge refused to permit Hale to testify about his efforts, over a long period of time subsequent to the deposition, to recoup the $38,000 from Kelley and Rogers. All of such evidence could be admissible only as to the intent of Hale when he committed the crime. The court did permit Hale to testify that although, on the date of the deposition, he knew the $38,000 was not in the safety deposit box, he did believe in good faith that such sum was to be procured that day by Kelley.

■ The trial judge has wide discretion in ruling upon the admissibility of evidence and particularly evidence of this character.[7] The trial judge here acted within the range of his discretion on these questioned evidentiary rulings. A careful reading of the trial record shows that the trial judge exercised this discretion liberally and received considerable questionable evidence offered by the defense. Much of the evidence rejected by the court was too remote in time to have probative value even as to the element of intent. Furthermore, the element of willfulness in this case, under the overwhelming weight of the undisputed evidence, including the testimony of appellant in his own defense, is so clear and free from doubt that nothing appellant did or could have done subsequent to April 13, 1966, would have overcome it.

Affirmed.

6. See generally, Annot., 64 A.L.R.2d 276 (1959).

7. N.L.R.B. v. Donnelly Garment Co., 330 U.S. 219, 67 S.Ct. 756, 91 L.Ed. 854 (1947); Brigham Young University v. Lillywhite, 118 F.2d 836, 137 A.L.R. 598; (10th Cir. 1941) cert. den. 314 U.S. 638,

62 S.Ct. 73, 86 L.Ed. 512; United States v. Kahaner, 317 F.2d 459, 472 (2d Cir. 1963) cert. den. Corallo v. United States, 375 U.S. 835, 84 S.Ct. 62, 11 L.Ed.2d 65; Mitchell v. United States, 213 F.2d 951 (9th Cir. 1954) cert. den. 348 U.S. 912, 75 S.Ct. 290, 99 L.Ed. 715.